UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALFRED BARR,

    Plaintiff,

v.                                                  CASE NO: 8:10-cv-430-T-23EAJ

DAVID GEE, et al.,

    Defendants.
_____/

## **O R D E R**

Proceeding pro se,[1] Alfred Barr ("the plaintiff") sues an array of private individuals, government employees, and government agencies for an array of alleged deprivations of the plaintiff's constitutional rights enforceable under 42 U.S.C. § 1983. Comprising 137 pages, the largely incomprehensible complaint apparently asserts claims for conspiracy and malicious prosecution resulting in the State of Florida's pursuing criminal charges against the plaintiff. The defendants submit seven separate motions to dismiss (Docs. 9, 26, 27, 28, 32, 35, 39).

Notwithstanding his pro se status, the plaintiff must "conform to procedural rules." See Loren v. Sasser, 309 F.3d 1296, 1304 (11th Cir. 2002). The plaintiff fails to adhere to several requirements concerning the filing of a complaint. The plaintiff fails to comply with Rule 8, Federal Rules of Civil Procedure, which provides that a complaint "shall

---

[1] A pleading drafted by a pro se party is interpreted under less stringent standards than a pleading drafted by an attorney. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). However, "[e]ven in the case of pro se litigants . . . leniency does not give a court license to serve as de facto counsel for a party, . . . or to rewrite an otherwise deficient pleading in order to sustain an action." GJR Invs., Inc. v. County of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998).

contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought." "Each allegation must be simple, concise, and direct." Rule 8(d)(1), Federal Rules of Civil Procedure. The plaintiff fails to comply with Rule 10, Federal Rules of Civil Procedure, which requires "numbered paragraphs, each limited as far as practicable to a single set of circumstances." Rule 10 also requires that "[e]ach claim founded upon a separate transaction or occurrence . . . be stated in a separate count or defense." Each count of the plaintiff's complaint incorporates every preceding allegation. Accordingly, the plaintiff's complaint "is a perfect example of a 'shotgun pleading, in that it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." Anderson v. Dist. Bd. of Trustees of Cent. Fla. Cmty. Coll., 77 F.3d 364, 366 (11th Cir. 1996).

To the extent the motions to dismiss challenge the plaintiff's failure to comply with Rules 8 and 10, the motions (Docs. 9, 26, 27, 28, 32, 35, 39) are **GRANTED**, and the complaint (Doc. 1) is **DISMISSED**. On or before **Friday, May 21, 2010**, the plaintiff shall file a complaint that complies with the Federal Rules of Civil Procedure and the Local Rules.[2] The complaint may not exceed **thirty pages** and must contain only a short and plain statement of the facts, that is, a statement of the time and the place that each important event occurred, the participants in each event, and a description of each event on which the plaintiff relies to state each claim against each defendant. The complaint must contain allegations of fact in support of each claim against each

---

[2] A copy of the Local Rules is available on the court's website at http://www.flmd.uscourts.gov/.

defendant but need not contain legal argument or citation to cases or other authority. Failure to comply with this order will result in dismissal without further notice.

The plaintiff's motion (Doc. 41) for an extension of time is **DENIED AS MOOT**. The plaintiff's motion (Doc. 42) to submit a combined response to all the defendants' motions to dismiss is **DENIED WITHOUT PREJUDICE**. To the extent the plaintiff "seeks clarification on what seems to be clear English language in FRCP Rules 10 & 11" (Doc. 42 at 3), the motion (Doc. 42) is **DENIED**. See Rule 7, Federal Rules of Civil Procedure (distinguishing a "pleading" from a "motion" or "other paper"). The plaintiff's motions (Docs. 37, 38, 40) to disqualify defense counsel are **DENIED**. The defendant Hillsborough County's motion (Doc. 43) for an extension of time is **DENIED AS MOOT**. The plaintiff's complaint and other papers vividly illustrate the plaintiff's need for legal advice; the plaintiff is strongly urged to obtain the assistance of counsel.

ORDERED in Tampa, Florida, on April 23, 2010.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE