UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALFRED BARR,

    Plaintiff,

v.                                            CASE NO: 8:10-cv-430-T-23EAJ

DAVID GEE, et al.,

    Defendants.

_____/

**ORDER**

    Proceeding pro se, Alfred Barr sues for alleged deprivations of his constitutional rights enforceable under 42 U.S.C. § 1983. Mr. Barr has filed several complaints, (Docs. 1, 50, and 89) the first two of which have been dismissed with leave to amend in whole (Doc. 45) or in part (Doc. 78). Mr. Barr's filings have shown utter disregard for either the rules of the court or the pleading standards required to sustain an action in district court. Nonetheless, noting that "[b]ecause the plaintiff proceeds pro se, the plaintiff enjoys some leniency in the interpretation of his complaint," the order dismissing the second complaint allowed Mr. Barr a final opportunity to assert claims against Charles Allen, Cathy Gatchell, Suzanne Boner, Paul Fitts, and Kristy Udagawa. (Doc. 78) Mr. Barr's latest complaint fails to remedy the deficiencies identified in his first two

complaints and each remaining defendant[1] moves to dismiss.  (Docs. 94, 95, 97, 98)  Mr. Barr fails to respond and the time for responding has expired.

"Even in the case of pro se litigants . . . leniency does not give a court license to serve as de facto counsel for a party, . . . or to rewrite an otherwise deficient pleading in order to sustain an action."  GJR Invs., Inc. v. County of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998).  Even generously construed, the complaint fails to state a claim against any defendant.  The order permitting the plaintiff to "submit **one** more amended complaint" contained adequate instructions and warned Mr. Barr that "[f]ailure to comply with this order will result in dismissal of this action without further notice."  Because Mr. Barr again fails to state a claim, and because of his failure to respond to each motion to dismiss, this case is **DISMISSED WITH PREJUDICE**.  The Clerk is directed to (1) terminate any pending motion and (2) close the case.

ORDERED in Tampa, Florida, on December 6, 2010.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[1] In addition to each defendant listed above, Julianne Holt moves to dismiss (Doc. 98) even though Mr. Barr's claim against her was dismissed with prejudice and without leave to amend.  Ms. Holt notes in her motion to dismiss that Mr. Barr's complaint (Doc. 89) appears to reassert claims previously dismissed with prejudice despite a court order stating that "[t]he amended complaint . . . may not re-assert any claim that this order dismisses with prejudice."

- 2 -